IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGEL JOE V.,[1] | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | Case No. 4:21-cv-1797 |
| COMMISSIONER OF SOCIAL SECURITY, | § § § § | |
| *Defendant*. | § § § § | |

## MEMORANDUM AND ORDER

Plaintiff Angel Joe V. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act").[2] The Parties filed cross-motions

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] On January 13, 2022, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Consent, ECF Nos. 9, 10; Transfer Order, ECF No. 11.

1

for summary judgment. Pl.'s MSJ, ECF No. 13; Def.'s MSJ, ECF No. 17. Challenging the Administrative Law Judge's ("ALJ") determination, Plaintiff argues that the ALJ failed to properly assess his testimony and failed to articulate a Residual Functional Capacity ("RFC") that accounts for all of his limitations. Pl.'s Brief in Support of MSJ, ECF No. 14. Defendant counters, asserting that the ALJ's findings are proper and supported by substantial evidence. ECF No. 17. Based on the briefing and the record, the Court determines that the ALJ properly weighed Plaintiff's testimony against the objective evidence when formulating her RFC determination. Therefore, Plaintiff's motion for summary judgment should be denied and Defendant's motion for summary judgment should be granted.

## I. BACKGROUND

Plaintiff is 65 years old, R. 52,[3] and has a 11th grade education. R. 40. Plaintiff worked as a painter and paint foreman. R. 30, 48. Plaintiff alleges a disability onset date of April 14, 2019. R. 19. Plaintiff claims he suffers physical impairments. *Id.*

On May 20, 2019, Plaintiff filed his application for disability insurance benefits and SSI under Titles II and XVI of the Act. R. 168–74. Plaintiff based[4] his

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 8.

[4] The relevant time period is April 14, 2019—Plaintiff's alleged onset date—through November 4, 2020—the date of the ALJ's decision. R. 19. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant time frame. *See Williams v. Colvin,* 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel,* 219 F.3d 378, 396 (5th Cir. 2000).

application on medical issues arising from a stroke, high blood pressure, diabetes, and low vision. R. 186. The Commissioner denied his claim initially, R. 16, 89–92, and on reconsideration. R. 16.

A hearing was held before an ALJ. An attorney represented Plaintiff at the hearing. R. 36. Plaintiff and a VE testified at the hearing. R. 37. The ALJ issued a decision denying Plaintiff's request for benefits.[5] R. 13–35. The Appeals Council denied Plaintiff's request for review, thus upholding the ALJ's decision to deny disability benefits. R. 1. Plaintiff filed suit appealing the determination.

## II. STANDARD OF REVIEW OF THE COMMISSIONER'S DECISION.

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a

---

[5] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step four. R. 30. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since the alleged onset date. R. 19 (citing 20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*). At step two, the ALJ found that Plaintiff has the following severe impairments: cerebrovascular accident, atrial fibrillation, SVT/tachycardia, diabetes mellitus, hypertension, and obesity. R. 19 (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 21 (referencing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). The ALJ found that Plaintiff has the RFC to perform medium work as defined in 20 CFR §§ 404.1567(c) and 416.967(c). R. 23. However, the ALJ added limitations, including that Plaintiff could frequently stoop, kneel, crouch, crawl, and climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; and could occasionally balance. R. 23. At step four, the ALJ determined that Plaintiff was able to perform his past relevant work as a painter and paint foreman. R. 30 (citing 20 C.F.R. §§ 404.1565 and 416.965). Therefore, the ALJ concluded that Plaintiff was not disabled. R. 30.

party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.*

Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *see also Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza*, 219 F.3d at 393. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary v. Brown*, 798 F.2d 818, 822–23 (5th Cir. 1986); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, considering whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

### III. THE BURDEN OF PROOF IN A DISABILITY CASE.

An individual claiming entitlement to benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a

continuous period of not less than twelve months." 42 U.S.C. § 423(d) (1)(A) (2000). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3) (2000). The impairment must be so severe that the claimant is "incapable of engaging in any substantial gainful activity." *Foster v. Astrue*, No. H-08-2843, 2011 WL 5509475, at *6 (S.D. Tex. Nov. 10, 2011) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)).

The Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to the Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## IV. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT.

Plaintiff raises a single issue: the ALJ's determination is legally erroneous because she failed to properly assess Plaintiff's testimony and failed to articulate an RFC that accounts for all of Plaintiff's limitations. ECF No. 14 at 4. Plaintiff argues that the ALJ failed to provide the required explanation for why she rejected reports of disabling limitation. *Id.* at 7. Defendant counters that in determining Plaintiff's RFC, the ALJ properly considered and evaluated the evidence in the record,

including Plaintiff's testimony. ECF No. 17 at 5–13. The Court finds that the ALJ properly considered Plaintiff's testimony when formulating her RFC determination and therefore substantial evidence supports her decision.

### A. The ALJ Properly Conducted the Plaintiff's RFC Analysis.

Between the third and fourth steps of the sequential analysis, the ALJ must decide the claimant's RFC, "which is defined as the most the claimant can still do despite his [or her] physical and mental limitations . . . based on all relevant evidence in the claimant's record." *Winston v. Berryhill*, 755 F. App'x 395, 399 (5th Cir. 2018) (citation and quotation marks omitted). The RFC determination is the "sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1999)).

When making the RFC determination, the ALJ must "incorporate limitations into the RFC assessment that were most supported by the record." *Conner v. Saul*, No. 4:18-CV-657, 2020 WL4734995, at *8 (S.D. Tex. Aug 15, 2020) (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). As an administrative factfinder, the ALJ is entitled to significant deference in deciding the appropriate weight to accord the various pieces of evidence in the record, including the credibility of Plaintiff's testimony. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).

#### 1. *The ALJ gave appropriate credibility to Plaintiff's testimony.*

Plaintiff argues that the ALJ erred in conducting her RFC analysis because

she disregarded Plaintiff testimony and failed to account for all of Plaintiff's limitations. ECF No. 14 at 5–9. Specifically, Plaintiff alleges that the ALJ failed to explain her finding that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id.* at 6 (quoting R. 24).

"It is within the ALJ's scope of authority to find that not all of Plaintiff's testimony was completely credible. The task of weighing the evidence is the province of the ALJ, not of this court." *Manzano v. Berryhill*, No. 4:16-CV-3496, 2018 WL 1518558, at *8 (S.D. Tex. Mar. 28, 2018) (citing *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001)). The Social Security regulations identify a non-exclusive list of factors the ALJ may consider to evaluate the intensity, persistence, and limiting effects of an individual's symptoms, including the claimant's daily activities; the type, dosage, effectiveness, and side effects of medications taken to alleviate pain or other symptoms; treatment, other than medication, for relief of pain or other symptoms; and any other factors concerning functional limitations and restrictions due to pain or other symptoms produced by medically determinable impairments. SSR 16-3p, 2017 WL 5180304, at *7–8 (Oct. 25, 2017) (citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)). The ALJ need only consider those factors

pertinent to the evidence in the record and may also consider other factors as relevant. *Id.*

The ALJ will also consider whether an individual's statements about the intensity, persistence, and limiting effects of symptoms are inconsistent with the objective medical evidence in his or her determination of the impact of these symptoms on the claimant's ability to work. *Id.* at *8; *see also* 20 C.F.R. §§ 404.1529(a), 404.1529(c)(2)–(3), 416.929(c). A factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (affirming ALJ's decision to afford greater weight to objective evidence over Plaintiff's subjective complaints). However, an ALJ's unfavorable credibility evaluation of a plaintiff's complaints of pain will not be upheld when the uncontroverted medical evidence shows a basis for his complaints "unless the ALJ weighs the objective medical evidence and assigns articulated reasons for discrediting claimant's subjective complaints of pain." *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989) (quoting *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1988) (per curiam)).

A review of the ALJ's decision shows she considered Plaintiff's testimony consistent with the regulations. The ALJ detailed Plaintiff's testimony of all his pain and symptoms in the decision. R. 24. The ALJ found that Plaintiff's medically

determinable impairments to be reasonably expected to cause the alleged symptoms, but found his statements concerning the intensity, persistence, and limiting effects not entirely credible. *Id.*

A claimant's subjective complaints of pain must be corroborated by objective medical evidence. *Manzano*, 2018 WL 1518558, at *8 (citing *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987) ("The absence in the record of objective factors indicating the existence of severe pain, such as persistent significant limitations in the range of motion, muscular atrophy, weight loss, or impairment of general nutrition justifies the conclusions of the [ALJ]. The record indicates that appellant responded to medication given for pain and that [it] alleviated her pain.")). An ALJ is permitted to consider the objective medical evidence over the subjective statements of a claimant. *Britton v. Saul*, 827 F. App'x 426, 431 (5th Cir. 2020) (affirming ALJ's decision and granting "great deference" to ALJ's evaluation of claimant's credibility when he afforded greater weight to medical opinions than claimant's testimony).

The ALJ weighed the medical evidence and Plaintiff's testimony to find that objective evidence did not support the severity of Plaintiff's subjective complaints. R. 28. In particular, the ALJ found that there was some sensory loss in his bilateral feet due to his diabetes, but recent treatment notes categorize it as "mild." *Id.* (citing R. 359 (10/28/19), R. 386 (12/5/19), R. 422 (3/31/20)). The ALJ also noted that

objective findings within the record indicate that Plaintiff had a normal gait and full strength in his extremities.[6] R. 28. Further, the ALJ found that despite Plaintiff's testimony that he regularly gets winded and experiences chest pain, the objective findings were rather benign in this regard. R. 28. Specifically, the ALJ noted that the majority of the examination findings within the record indicate that Plaintiff's heart had a regular rate and rhythm with normal heart sounds and his chest was clear to auscultation and he had symmetric air entry.[7] R. 28–29. Finally, the ALJ considered that although the record reflected that Plaintiff had a stroke in April 2019, by May 14, 2019, Plaintiff's speech was improving, and he reported feeling better. R. 29 (citing R. 306 (5/14/19)). The ALJ also noted that while Plaintiff reported some residual effects from his stroke during his December 2019 consultative examination, he was not in any severe discomfort or distress, he had a full range of motion in the cervical spine, his motor strength was intact, he had a normal gait and was able to walk on his toes adequately, and he was able to adequately tandem walk and squat.

---

[6] *See, e.g.*, R. 319 (4/24/19) (Plaintiff had normal tone and motor strength, 5/5 strength in all extremities, and a normal gait and station); R. 381 (12/16/19) (Plaintiff's extremities were without cyanosis, clubbing, or edema, and he had a normal gait); R. 386 (12/5/19) (Plaintiff had 5/5 motor strength in upper and lower extremities, his gait was normal, he was able to walk on his toes adequately, and he was able to adequately tandem walk and squat); R. 422 (3/31/20) (Plaintiff had full 5/5 motor strength in all upper and lower extremities and had a normal gait).

[7] *See, e.g.*, R. 319 (4/24/19) (Plaintiff's heart had a regular rate and rhythm); R. 344 (11/14/19) (Plaintiff's lungs were clear to auscultation and had symmetric air entry and his heart had a regular rate and rhythm); R. 381 (12/16/19) (same); R. 386 (12/15/19) (Plaintiff's heart had a regular rate and rhythm); R. 393 (7/11/20) (Plaintiff's lungs were clear to auscultation and had symmetric air entry and his heart had a regular rate and rhythm); R. 437 (3/6/20) (same); R. 505 (5/15/20) (Plaintiff's heart had a regular rate and rhythm).

R. 29 (citing R. 385–86 (12/5/19)).

The ALJ additionally considered the type of medical treatment Plaintiff has received, the medications prescribed to him, as well his reported daily living activities. R. 29–30 (citing 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p). The ALJ found that although Plaintiff has received some treatment for his impairments, Plaintiff has generally not received the type of medical treatment one would expect for a totally disabled individual and the treatments that he did receive were "essentially routine and/or conservative in nature." *Id.* Likewise, the ALJ found that while Plaintiff has been prescribed and taken appropriate mediations for the alleged impairments, the medical records reveal that the medications have been relatively effective in controlling the claimant's symptoms.[8] *Id.*

Plaintiff argues that the ALJ erred when she found that Plaintiff's statements could not be objectively verified. ECF No. 11 at 7. Plaintiff contends that SSR 16-3p required the ALJ to consider the consistency of Plaintiff's statements with other statements he and his providers have made. *Id.* However, what the ALJ found was that Plaintiff's allegedly limited daily activities could not be objectively verified

---

[8] The ALJ noted that while the record reflects that Plaintiff has a history of hypertension and diabetes, the record indicates that they were well-controlled with medication during the relevant time period when the claimant was compliant in taking it. R. 28; *see, e.g.*, R. 390 (7/11/20) (Plaintiff reported feeling well when compliant with medication). "Medical impairments that reasonably can be remedied or controlled by medication or treatment are not disabling." *Glenn v. Barnhart*, 124 F. App'x 828, 829 (5th Cir. 2005) (citing *Johnson*, 864 F.2d at 347; *Fraga v. Bowen*, 810 F.2d 1296, 1303–04 (5th Cir. 1987); *Adams*, 833 F.2d at 511–12).

with any reasonable degree of certainty, and that, even if they were truly as limited as alleged, it was difficult to attribute that degree of limitation to Plaintiff's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in the decision. R. 30. Moreover, in weighing Plaintiff's subjective symptoms against the objective evidence, the ALJ did what the Plaintiff asserts she was required to do. R. 24–30. Indeed, the ALJ stated that she took "the claimant's impairments, as well as his subjective complaints, into account in arriving at the residual functional capacity" and that the facts in the record suggest that "the claimant's symptoms may not be accurately reported, may not exist at the level of severity assumed by the claimant's testimony at hearing and may have other mitigating factors against their negative impact on the claimant's ability to engage in work ability." R. 28. The Fifth Circuit has held that these types of statements are presumptively valid in the absence of a showing to the contrary. *See Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981) ("We have no reason to question the ALJ's general statement" that he considered all of the testimony given at the hearing).

In addition, Plaintiff contends that the ALJ's assessment of Plaintiff's infrequent treatment fails to take into consideration that he lacked the financial ability to seek additional treatment. ECF No. 14 at 7. Plaintiff argues that the ALJ was required to take this barrier to treatment into consideration under SSR 16-3p.

13

*Id.* In support of his argument, Plaintiff cites a March 2020 record that mentions insurance loss. *Id.* (citing R. 514 (3/31/20)). However, this record also states, "he stopped taking the medication a few months ago due to a lack of headaches, and the headaches have not returned," "his [loop recorder] has shown no arrhythmia in the past year," and "patient was apparently left with no residual symptoms from his stroke, and he has not bee[n] prescribed ASA or statin. Denies any bleeding or risk. Today, [patient] feels well and denies any recent headaches, dizziness, weakness/numbness, or vision changes." R. 514 (3/31/20). The same provider further noted, "No need for headache management since headaches are resolved (etiology unclear but no obvious cause by our CT head)." R. 425 (3/31/20).

Moreover, an inability to afford treatment by itself is insufficient to establish disability; a claimant must also show that he could not obtain medical treatment from other sources, such as free or low-cost health clinics. *See Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987); *see also* SSR 16-3p, 2017 WL 5180304, at *10 (statements may be credible if a claimant cannot afford treatment and does not have access to free or low-cost medical services); SSR 82-59, 1982 WL 31384, at *4 (Jan. 1, 1982) (a patient in need of unaffordable prescribed treatment must show exploration of all free or subsidized sources and must document contacts and his financial circumstances). Thus, even if Plaintiff was unable to pay for further medical care, there is no indication that he needed more care or sought cheaper care

or that further care would have generated outcome-determinative evidence. *See Foster v. Comm'r of Soc. Sec.* No. 4:20-CV-147-RP, 2021 WL 4205660, at *3 (N.D. Miss. Sept. 15, 2021) (finding no error in the ALJ pointing to the plaintiff's failure to pursue prescribed treatment where there was no evidence of plaintiff's inability to obtain the prescribed treatment at little or no cost and there was no disabling condition that the ALJ found could be remediated); *cf. Sanders v. Apfel*, 136 F.3d 137, at *1 (5th Cir. 1998) (per curiam) (finding harmless error where the ALJ failed to consider plaintiff's poverty when plaintiff presented unrefuted testimony that she was unable to afford additional doctor visits); *Harper v. Sullivan*, 887 F.2d 92, 97 (5th Cir. 1989) (rejecting plaintiff's argument that he is disabled because he is unable to afford medical attention where no physician on record opined plaintiff was disabled and his subjective symptomatology had been found incredible).

The ALJ detailed how she considered the evidence of record and the evidence at the hearing as well as the factors set forth in 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3), finding they weighed against Plaintiff's testimony. Accordingly, the ALJ's evaluation of Plaintiff's testimony is supported by substantial evidence. *See, e.g.*, *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir. 1988) (ALJ's decision to credit medical records over claimant's subjective testimony was supported by substantial evidence where "the ALJ supported—on the record—his decision that [claimant's] testimony concerning the severity of her pain was not credible").

## CONCLUSION

The Court **DENIES** Plaintiff's motion for summary judgment, ECF No. 13, and **GRANTS** the Commissioner's motion for summary judgment, ECF No. 17. The Commissioner's determination that Plaintiff is not disabled is **AFFIRMED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**SIGNED** at Houston, Texas, on September 23, 2022.

*Dena Palermo*
_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**